**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Dean S.  Oberg | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| U.S. Navy | ) | |
| Veterans Administration | ) | |
| United States | ) | Case No.  4:08-cv-089 |
| | ) | |
| Defendants. | ) | |

The plaintiff, Dean S.  Oberg ("Oberg"), initiated the above-entitled action by complaint on October 21, 2008.  What follows is a pre-service review of his complaint pursuant to 28 U.S.C. § 1915(e)(2).

I.    **BACKGROUND**

Oberg, proceeding *pro se* and *in forma pauperis*, seeks to the United States Navy and the Veterans Administration.  Since the United States Navy and the Veterans Administration are agencies or department of the United States, the defendants will be referred to collectively as the United States.

Oberg has used a standard form for *pro se* complaint.  In the section where he is instructed to set for the grounds for his suit, he alleges claims of  malpractice, negligence, and discrimination but does not specify any federal statute or federal constitutional provisions that he is suing under. In the section where he is instructed to set forth the basis for his claims, he alleges:

> On November 28, 1975, I was ordered (with another sailor) to remove (carry) a 50 gal.  wet garbage container off the USS John Paul Jones, at San Diego, Ca.  The sailor helping me dropped, let-go of his carring (sic) handle and the container fell on

1

me almost crushing my left foot and injuring me with 2 fractured (4 and 5) vertebrae, pulled nerves, muscles, ligaments, to my back and spine, which has left me permanently disabled with chronic pain plus many other health problems physically and mentally.  I was refused medical hospitalization!

I want all of my priscription (service-connect) (as was), renewal of my massage therapy at least twice a week, compensation for pain, suffering, mental angwish (sic), discrimination, lost income for 33 years unemployment, of $3 million in settlement money to be deposited in my choice of bank, savings account.  Plus any and all medical bills caused by my disability and order of V.A. to go to civilian hospitals and clinics.

(Docket No. 1-2).   Finally, in the section where he is instructed to identify prior administrative proceedings, he makes vague references to a prior V.A. and SSDI proceedings.

## II.   DISCUSSION

### A.   Standard of Review

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay.  See 28 U.S.C. § 1915(a)(1).  Notwithstanding financial eligibility, the court may dismiss a case at any time if it concludes the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

In determining whether the complaint states a claim, the court must look to Fed. R. Civ. P. 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007). Also, the court must consider the Supreme Court's admonition that *pro se* complaints are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (per curiam).   While these pleadings

2

requirements are minimal and do not require a detailed recitation of the facts, even a *pro se* litigant must state enough in terms of the facts and grounds for relief to give the defendant fair notice of what the claim is and to indicate that the right to relief is at least plausible, even if the chances for success are remote.  See Erickson v. Pardus, supra; Hughes v. Banks, 2008 WL 4065874, *1 (8th Cir.2008) (unpublished opinion) (stating that even a *pro se* complaint must allege sufficient facts to support claims advanced); Carter v. Hassel, 2008 WL 649180, *1 (8th Cir. 2008) (unpublished per curiam) (allegations insufficient to describe the violation of a constitutional right with respect to certain of the claims); Kozikowski v. C.I.R., 258 Fed.Appx. 60, 2007 WL 3377146, *1 (2007) (unpublished per curiam) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1974 for the proposition that a complaint must plead enough facts to state a claim for relief that is plausible and dismissing a *pro se* complaint); cf. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955.

In construing the complaint, the court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 31-33 (1992) (court may disregard factual allegations that are clearly baseless, fanciful, fantastic, or delusional); Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989), for the proposition that a complaint is frivolous if it lacks an arguable basis in fact or is based on an indisputable meritless legal theory).  Finally, just because a plaintiff is proceeding *pro se*, does not mean that the court is required to ignore facts pled in the complaint when they undermine the plaintiff's claim.  The court may accept as true all facts pled in the complaint and conclude from them that there is no claim stated as a matter of law. E.g., Edwards v. Snyder, 478 F.3d at 830; Thompson v. Illinois Department of Professional Regulation, 300 F.3d

750, 753-754 (7th Cir. 2002) (citing other cases).[1]

### B.    28 U.S.C. § 1915(e)(2) Review

In this case, the fragmented and conclusory allegations of Oberg's complaint are insufficient to state a claim for relief under the pleading requirements set forth above.  While Oberg describes an injury he sustained some thirty-three years ago during his service in the Navy, he fails to plead sufficient facts to support plausible claims of malpractice, negligence, or discrimination as alleged in the complaint.

Even more fundamental, however, are the jurisdictional problems.  In order to be able to sue an agency of the United States, Oberg "must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction."  V S Ltd. Partnership v. Department of Housing and Urban Development, 235 F.3d 1109, 1112 (8th Cir.2000).  This is because " the United States, as sovereign, is immune from suit unless it has consented to be sued."  Peterson v. United States, 428 F.2d 368, 369 (8th Cir.1970).  In this case, Oberg has pled neither a basis for subject matter jurisdiction or an applicable waiver of sovereign immunity.

Moreover, it is doubtful he can do so.  For example, there is no indication that Oberg has timely complied with the administrative claim requirements of the Federal Tort Claims Act codified

---

[1] In Edwards v. Snyder, the Seventh Circuit stated the following:

Complaints may be susceptible to dismissal for failure to state a claim for various reasons. For example, a plaintiff may allege too little in his complaint and fail to meet the minimal federal pleading requirements. See Fed. R. Civ. P. 8. Even if a complaint passes the minimal threshold of pleading standards, dismissal for failure to state a claim may be appropriate if it "appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." Marshall v. Knight, 445 F.3d 965, 968 (7th Cir.2006); Dealt v. Carter, 224 F.3d 607, 610 n. 1 (7th Cir.2000). A complaint can also allege too much; a plaintiff may unwittingly plead himself out of court by alleging facts that preclude recovery.  See McCreary v. BAY, Inc., 453 F.3d 882, 888 (7th Cir. 2006).

478 F3d at 830.

at 28 U.S.C. § 2401(b), which is a jurisdictional prerequisite to suit for any claims under the FTCA for negligence or malpractice.   E.g., T.L. ex rel. Ingram v. United States, 443 F.3d 956, 961-962 (8th Cir. 2006).  Likewise, the Veteran's Judicial Review Act codified in relevant part at 38 U.S.C. § 511 deprives this court of subject matter jurisdiction to hear claims against the Department of Veterans Affairs for failing to provide medical care or to challenge a denial of benefits.  E.g., Thomas v. Principi, 394 F.3d 970, 972-975 (D.C. Cir. 2005).   The same is true for any direct claim against the Social Security Administration.  42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."); see Goings v. United States, 287 Fed.Appx. 543, 2008 WL 2778795, *1 (8th Cir. 2008).

## III.   CONCLUSION AND RECOMMENDATION

The undersigned **RECOMMENDS** that Oberg's complaint **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 4th day of December, 2008.

/s/ Charles S.  Miller, Jr.
Charles S.  Miller, Jr.
United States Magistrate Judge